THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAMES E. BLACK, Defendant-Appellant.

Second District    No. 2—00—0189

Opinion filed February 19, 2002.

HUTCHINSON, P.J., dissenting.

G. Joseph Weller and Steven E. Wiltgen, both of State Appellate Defender's Office, of Elgin, for appellant.

Meg Gorecki, State's Attorney, of St. Charles (Martin P. Moltz and Peggy F.J. Bradford, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE BOWMAN delivered the opinion of the court:

Pursuant to a plea agreement, defendant, James E. Black, pleaded guilty to home invasion (720 ILCS 5/12—11(a)(1) (West 1998)). In exchange for the guilty plea, the State agreed to drop three other charges that were pending against defendant, but no agreement was made about defendant's sentence. At the time defendant pleaded guilty, no evidence about the victims' ages was presented to the court. However, at the sentencing hearing, the court found that defendant would be sentenced to an extended-term of imprisonment because the victims of the home invasion were over 60 years old. See 730 ILCS 5/5—5—3.2(b)(4)(ii) (West 1998). Once the court determined that defendant was eligible for an extended sentence, the court evaluated the various aggravating and mitigating factors and sentenced defendant to 40 years' imprisonment. Defendant moved to reconsider his sentence, and the trial court granted the motion, reducing defendant's sentence to 34 years' imprisonment. Defendant appeals, arguing that his extended-term sentence was improper under *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). We vacate defendant's sentence and remand the cause.

Before defendant pleaded guilty, the trial court advised defendant that home invasion was a Class X felony. As such, defendant could be sentenced to between 6 and 30 years' imprisonment. The trial court also told defendant that if an extended-term sentence applied, defendant could face 30 to 60 years' imprisonment. The factual basis for defendant's plea revealed that on December 13, 1993, defendant went to the Elgin home of Charles Jewel and Jewel's wife. While armed with a dangerous weapon, defendant and his codefendants threatened the Jewels and robbed them. The State failed to tell the court that the Jewels were over 60 years old when defendant robbed them.

At the sentencing hearing, Charles Jewel testified that he was 67 years old when the home invasion occurred, and Jewel's wife was 64 years old. During the State's closing arguments, the assistant State's Attorney argued that defendant should be sentenced to an extended-term of imprisonment because the victims of the home invasion were over 60 years old. The court asked defendant's attorney if he had an argument to present on that issue, and the attorney said no. The court then found that defendant was eligible for an extended-term sentence.

The closing arguments continued, and, when the arguments concluded, the court began to evaluate the various aggravating and mitigating factors that were presented. During a discussion of these factors the court made the following statement:

"The defendant committed the offense against persons 60 years

of age or older. Okay, but I would not use that in terms of *** adding on more years in terms of the aggravation if we get to the extended term ***. ***

Legislature has put up and allows me to take in a lot of different factors and a lot of different issues and one of the things that the legislature has asked me to do is to look at and gives me the option to make extended term on behalf of crimes committed against senior citizens. And that certainly was here and it was certainly terror.

So first of all is that I'm going to impose extended term."

The court then assessed the various aggravating and mitigating factors and found that a 40-year sentence was appropriate. Defendant moved to reconsider his sentence, and the trial court granted the motion, reducing defendant's sentence to 34 years' imprisonment. This timely appeal followed.

Defendant argues that the trial court erred when it imposed an extended-term sentence because under *Apprendi* the fact warranting an extended-term sentence here, *i.e.*, the age of the victims, was neither charged in the indictment nor proved beyond a reasonable doubt at trial. The State suggests that *Apprendi* does not apply because defendant was sentenced to a term of imprisonment that was within the sentencing range for this offense. The State claims that the single sentencing range for each class of felony includes the minimum term available under section 5—8—1 of the Unified Code of Corrections (Code) (730 ILCS 5/5—8—1 (West 1998)) and the maximum term available under the extended-term sentencing provisions.

We determine that the State's argument is not persuasive. There are two cases that support defendant's argument and our conclusion. In *People v. Thurow*, 318 Ill. App. 3d 128, 135 (2001), the Third District concluded that during the trial the trier of fact must make a specific finding about the victim's age before the court can impose an extended sentence using the victim's age as the basis for the extended-term sentence.

After *Thurow* was decided, this court decided *People v. Chanthaloth*, 318 Ill. App. 3d 806 (2001). In *Chanthaloth* the age of the victim was presented to the jury, and the defendant did not challenge that evidence. *Chanthaloth*, 318 Ill. App. 3d at 818. Therefore, under a strict interpretation of *Apprendi*, the trial court properly imposed an extended-term sentence using the age of the victim as the basis for imposing an extended-term sentence. *Chanthaloth*, 318 Ill. App. 3d at 818. However, this court also noted that in imposing an extended-term sentence the trial court considered not only the age of the victim but also the nature of the crime and the fact that the victim was handi-

capped. *Chanthaloth,* 318 Ill. App. 3d at 818. Because the trial court considered these other factors in addition to the age of the victim, this court remanded the cause so that the defendant could be resentenced. *Chanthaloth,* 318 Ill. App. 3d at 818.

Here, no evidence of the victims' ages was presented to the court when defendant pleaded guilty. Thus, the trial court failed to find during the guilty-plea proceedings that the victims of the home invasion were over 60 years old. When defendant pleaded guilty he did not know that he was giving up his right to have the State prove that the victims were over 60 years old. Because the fact that the victims were over 60 years old increased the penalty that defendant faced and no evidence was presented regarding this fact during the guilty-plea proceedings, we conclude that defendant's extended-term sentence must be vacated.

The dissent maintains that defendant "was on notice" that the age of the victims could be relevant because he knew that an older couple lived in the residence involved in the crime and because he chided one of the other individuals involved in the burglary for taking the " 'old woman's jewelry.' " 327 Ill. App. 3d at 668. We fail to see how these two facts informed defendant that the victims' age was a factor that the court could consider in sentencing defendant.

Moreover, we find distinguishable the cases relied upon by the dissent to support its position that the State's failure to inform the trial court of the age of the victims at the plea hearing constituted harmless error. See *People v. Blackwell,* 325 Ill. App. 3d 354 (2001); *People v. Peacock,* 324 Ill. App. 3d 749 (2001); *People v. Pearson,* 324 Ill. App. 3d 622 (2001); *People v. Rohlfs,* 322 Ill. App. 3d 965 (2001). In *Blackwell, Peacock, Pearson,* and *Rohlfs,* undisputed evidence was presented during trial that the victim's age was 60 years or older. In each of these cases the appellate court found that, although the victim's age was not submitted to the trier of fact for proof beyond a reasonable doubt, it was unlikely that the trier of fact could have found a different age, given the undisputed evidence of age. Consequently, where there was evidence before the trial court of a factor used in sentencing, the failure to submit that fact to the trier of fact for proof beyond a reasonable doubt was harmless error. *Blackwell,* 325 Ill. App. 3d at 359-60; *Peacock,* 324 Ill. App. 3d at 760-61; *Pearson,* 324 Ill. App. 3d at 628; *Rohlfs,* 322 Ill. App. 3d at 972. Here, as noted above, there was no evidence presented to the trial court during the guilty plea proceedings regarding the victims' ages.

The dissent relies on our treatment of the defendant's *Apprendi* claim in *People v. Chandler,* 321 Ill. App. 3d 292 (2001) as support for its conclusion that, by entering a guilty plea, defendant in the present

case waived the right to challenge the factor that resulted in his extended sentence. The dissent, however, misconstrues *Chandler* as stating that anytime a defendant pleads guilty he waives his constitutional rights as to any claim that occurred prior to the entry of the guilty plea. Furthermore, unlike the present case, the trial court in *Chandler* specifically admonished the defendant that consecutive sentences based on his future dangerousness, *i.e.*, the factor the court ultimately relied on in imposing consecutive sentences, were a possibility. *Chandler*, 321 Ill. App. 3d at 297. Also, the court based the defendant's future dangerousness, not on the presence of an additional factual element, but on the number and nature of the defendant's crimes. Here, although the trial court advised defendant of the sentence he could face if an extended term applied, it did not forewarn him, prior to sentencing, regarding the factors that could result in such a sentence.

Moreover, we consider it significant that in *Chandler* we determined that, because the defendant filed only a motion to reconsider his sentence and not a motion to withdraw his plea, it was unclear what relief the trial court could provide if we vacated his sentences. *Chandler*, 321 Ill. App. 3d at 298. Consequently, we concluded that the defendant could not raise an *Apprendi* claim at that stage of the proceedings. *Chandler*, 321 Ill. App. 3d at 298. In our view, *Chandler* does not provide adequate support for the dissent's position.

The State argues that this court should affirm the trial court's sentencing order because section 5—5—3.2(b)(1) of the Code (730 ILCS 5/5—5—3.2(b)(1) (West 1998)) allows the trial court to impose an extended-term sentence when the defendant has been convicted of a similar or greater class felony within the last 10 years. Here, the State argues that an extended-term sentence could properly be imposed because defendant's criminal record revealed that defendant was convicted of burglary of a dwelling/occupied structure in Florida in 1990.

Although it appears that the trial court could have imposed an extended-term sentence based on this fact, this is not the reason why the trial court chose to impose an extended-term sentence. Rather, the trial court imposed an extended-term sentence specifically because the victims were over 60 years old. Thus, we determine that the State's argument lacks merit. We note, however, that our determination does not preclude the trial court on remand from considering defendant's prior conviction in imposing sentence.

For the above-stated reasons, we are constrained to vacate the extended-term sentence pursuant to the United State's Supreme Court's holding in *Apprendi*. On remand, defendant, at a minimum,

has a right to be resentenced in light of the views expressed herein. We note that while this cause was pending in this court, our legislature enacted a statute that addressed the issue presented in *Apprendi*. See Public Act 91—953 § 10, eff. February 23, 2001 (amending 730 ILCS 5/5—5—4 (West 1998)). On remand, the parties may choose to address the applicability of this statute.

The sentence imposed by the circuit court of Kane County is vacated, and the cause is remanded for further proceedings that are consistent with this disposition.

Sentence vacated and cause remanded for further proceedings.

O'MALLEY, J., concurs.

PRESIDING JUSTICE HUTCHINSON, dissenting:

In the present case, defendant voluntarily waived his right to have the charges tried by a jury or the bench when he elected to enter a plea of guilty. In pleading guilty, defendant waived all nonjurisdictional errors or irregularities. See *People v. Peeples*, 155 Ill. 2d 422, 491 (1993). Defendant is requesting this court to vacate his extended-term sentence because the State failed to inform the trial court during its presentation of the factual basis that the victims were over the age of 60 when defendant robbed them. At the hearing, defendant was admonished regarding the possible sentence he eventually received. The possibility of a term of 30 to 60 years was clear at the time of the plea. By pleading guilty, defendant gave up the right to challenge a sentence within the statutory range for the offense to which he pleaded guilty. We have previously stated:

"A defendant who pleads guilty does not have the same appeal rights as one convicted following a trial. [Citation.] Generally, after pleading guilty, a defendant may not raise claims of the deprivation of constitutional rights that occurred before the entry of the plea. [Citation.] Before defendant entered his plea, the court informed him of the sentencing ranges for the offenses and specifically admonished him of the possibility of consecutive sentences. Having waived a jury trial on all issues, defendant cannot now claim that he was deprived of the right to have a jury determine the issue of his future dangerousness. Similarly, he cannot claim that he was unfairly deprived of the right to have the State prove that point beyond a reasonable doubt." *People v. Chandler*, 321 Ill. App. 3d 292, 297 (2001).

Furthermore, defendant was on notice that the age of the victims could be relevant. Even before the plea hearing took place, defendant

explained his involvement in the crime to an investigator. Defendant indicated that he went to the victims' residence one week before the burglary and noted that an older couple lived there. During the burglary he chided one of the other individuals involved for taking the "old woman's jewelry." At the plea hearing, the record clearly reflects that defendant was admonished of the nature of the charges and possible penalties by the trial court before he entered his plea. The trial court informed defendant that, if an extended term applied to him, the sentencing range would run between 30 and 60 years. At that point, defendant was confronted with the possibility that he was eligible to receive a prescribed statutory maximum sentence of 60 years upon a finding that any one of the statutory factors existed. See 730 ILCS 5/5—5—3.2(b)(4)(ii) (West 1998); 720 ILCS 5/12—11 (West 1998); *People v. Rivera*, 333 Ill. App. 3d 1092 (2001). If defendant had additional concerns, he was afforded the opportunity to confer with his appointed counsel. Any error resulting from the State's failure to officially inform the trial court of the age of the victims was harmless. See *People v. Blackwell*, 325 Ill. App. 3d 354 (2001); *People v. Peacock*, 324 Ill. App. 3d 749 (2001); *People v. Pearson*, 324 Ill. App. 3d 622 (2001); *People v. Rohlfs*, 322 Ill. App. 3d 965 (2001).

I believe that, by entering a plea of guilty, defendant waived the right to challenge the factor that resulted in the longer sentence. See *Chandler*, 321 Ill. App. 3d at 296-97. Further, defendant's extended-term sentence was specifically authorized by statute, and the trial court's imposition of the sentence complied with the rule announced in *Apprendi*. Accordingly, I must respectfully dissent from the majority's decision to vacate defendant's extended-term sentence.